```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY L. BARTELL,             :   CIVIL NO. 1:06-CV-1941
                             :
         Plaintiff           :
                             :   (Magistrate Judge Smyser)
                             :
    v.                       :
                             :
DELL FINANCIAL SERVICES, LP  :
and ASSOCIATED RECOVERY      :
SYSTEMS, INC.,               :
                             :
         Defendants          :
                             :
```

## MEMORANDUM AND ORDER

This civil action was initiated in the York County Court of Common Pleas with a complaint filed on June 9, 2006. It was removed by defendant Dell Financial Services, LP, to the United States District Court for the Eastern District of Pennsylvania on June 26, 2006. No appearance has been entered in the case by defendant Associated Recovery Systems. After denying a motion to remand the case on the basis that the case had been improperly removed to a United States District Court where venue was not proper, the United States District Court for the Eastern District of Pennsylvania transferred the removed case to this court by Order of August 29, 2006. An amended complaint was filed on August 25, 2006, while the case was pending in the Eastern District.

In a joint case management plan filed on November 14, 2006, the parties consented to have a magistrate judge

preside in the case, and it was then assigned to this magistrate judge by an order (doc. 10) on that date.  A case management conference was held on December 15, 2006, and a case management order was entered.  Doc. 13.

Defendant  Dell Financial Services, L.P.  ("DFS") filed a motion to dismiss the complaint (doc. 4) on October 4, 2006.  A brief in support of the motion (doc. 6) was filed on October 30, 2006.  A brief in opposition (doc. 8)  was filed on November 14, 2006.  A reply brief was not filed.  This Memorandum and Order will address the motion of defendant DFS to dismiss the amended complaint.

The amended complaint states claims against the defendants under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and Pennsylvania state law. Federal question jurisdiction is stated, 28 U.S.C. §1331, and pendent jurisdiction is stated.  28 U.S.C. §1367. The plaintiff is Gary L. Bartell, a resident of York, Pennsylvania.  The complaint alleges that defendant DFS has been reporting derogatory and inaccurate information regarding the plaintiff and the plaintiff's credit history to third parties, which information negatively reflects upon the plaintiff's credit repayment history, financial responsibility as an alleged debtor and credit worthiness.

The plaintiff disputed the inaccurate information with DFS.  DFS has failed to conduct timely and reasonable investigations, has continued to report the inaccurate information to various credit reporting agencies without reporting the fact of a dispute and has continued to attempt to collect money from the plaintiff.  The plaintiff has been impacted by the denial of credit and increased costs of credit.  The amended complaint claims that the plaintiff has suffered financial damages.

In Count I, the amended complaint states under the Fair Credit Reporting Act a claim against defendant DFS based upon an alleged willful and negligent failure to investigate the dispute of the plaintiff and to report the inaccuracy of the information to credit reporting agencies and other entities.  In Count II, the plaintiff claims that the defendant has violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.  In Count III, the amended complaint states a state law claim of negligence against defendant DFS.  In Count IV, the amended complaint states a claim under the Fair Debt Collection Practices Act against defendant Associated Recovery Systems.  In Count V, it states claims of negligence under state law against defendant Associated Recovery Systems.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's

3

complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

    The argument of defendant DFS in support of the dismissal of Count I is that the plaintiff does not as a matter of law under the Fair Credit Reporting Act have a private right of action against DFS as a data furnisher.

The Act, DFS contends, gives rise only to a governmental enforcement action against a violator of the Act.

The moving defendant assumes for the sake of the motion that the relevant provision of the Act is §1681s-2 and that the provision relevant for the purpose of the plaintiff's complaint is §1681s-2(a)(3), which states that when the completeness or accuracy of any information furnished by a person to a consumer reporting agency is disputed by a consumer, the information may not be furnished without notice that the information is disputed by the consumer.

The argument of the defendant that as a matter of law the plaintiff is not entitled to relief in a cause of action by the plaintiff against the defendant is that the putatively applicable provision of the Act, DFS contends, does not give rise to a private cause of action.

In the amended complaint (doc. 1, #11), the plaintiff cites 15 U.S.C. §§1681a(b), 1681(n), 1681(o) and 1681s-2(b).  We will assume the second and third references to be to §§1681n and 1681o, which create causes of action. The defendant does not cite these provisions in the defendant's arguments, but does cite *Young v. Equifax Credit Information Systems, 294 F.3d 631, 639 (5th Cir. 2002)*, where the Court held *inter alia*  that a consumer's cause of action does not arise before a report has been

5

made from a consumer reporting agency to the data furnisher of the fact of a dispute.  A notification as here directly from a consumer to a data furnisher is accordingly not sufficient to give rise to a statutory cause of action.

The Court in *Young*  reasoned that since the Fair Credit Reporting Act establishes a duty under 15 U.S.C. §1681i(a)(2) on the part of a consumer reporting agency to give notice of a dispute to a furnisher of information (such as DFS in this case) within five business days from the time that the consumer notifies the consumer reporting agency of the dispute, and since such notice is necessary under section 1681s-2(b) to trigger a duty on the part of the furnisher to act, a private right of action requires proof of notice by the consumer reporting agency to the furnisher.

The plaintiff asserts, in response, that the provision under the Act requiring the consumer to use a consumer reporting agency as an intermediary is inapposite because defendant DFS did not inform the plaintiff or his attorney that a grievance needed to be filed through the provider of the credit report.  "Defendant Dell, by its actions, stepped into the position of a credit reporting agency by agreeing to address the matter, thus triggering certain responsibilities under the FCRA", the plaintiff argues.  The plaintiff does not support this argument with

6

any authority, and we do not find it to have support under the language of the statute.

Count I will be dismissed because, in the absence of a notice from a consumer reporting agency of a dispute to DSF, DSF was not precluded from furnishing credit information about the plaintiff to third parties.

The defendant asks the court to dismiss Count II on the grounds that the plaintiff does not show an ascertainable loss as a result of the alleged conduct of the defendants.  The defendant cites state decisions supporting the assertion that an ascertainable loss must be proven, but the defendant's assertion that the complaint must specify how the plaintiff derived ascertainable losses is not supported by Rule 8(a) of the Federal Rules of Civil Procedure.  Although the plaintiff's complaint may not specify how the plaintiff incurred ascertainable losses, it does contain a short and plain statement of the plaintiff's claim and a demand for judgment for the relief that the plaintiff seeks.  It satisfies Rule 8, and the defendant does not assert that it does not.  Count II will not be dismissed.

Count III is the negligence count.  The defendant asks the court to dismiss it on the basis that it is pre empted under the Fair Credit Reporting Act.  In his brief in opposition, the plaintiff does not address Count III as

7

a direct count but argues instead that he has pleaded malicious, intentional, willful, reckless and grossly negligent conduct, citing the Amended Complaint, ¶18.

Paragraph 18 of the Amended Complaint is not, however, a part of Count III, and Count III is captioned "Negligence."  The plaintiff has not interposed an argument in opposition to the defendant's motion to dismiss Count III, and in fact, with reference to defendant's argument that willful conduct must be the basis for a claim against the furnisher of the information, "concludes this analysis is the correct analysis of the law."

Count III will be dismissed.

For the foregoing reasons, **IT IS ORDERED** that Counts I and Count III of the amended complaint are **DISMISSED.**

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  January 8, 2007.